H. H. ("Shashi") Kewalramani (State Bar No. 262290)
shashi@ljpklaw.com
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
440 W. 1st Street, Suite 205
Tustin, California 92780
Telephone: (714) 252-6611
Facsimile: (714) 602-4690

Attorneys for Plaintiff,
**O.S. SECURITY LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| O.S. SECURITY LLC,<br><br>    Plaintiff,<br>  v.<br><br>ALARM LOCK SYSTEMS, INC. and NAPCO SECURITY TECHNOLOGIES, INC.,<br><br>    Defendants. | **CASE NO. SA CV 14-00312**<br><br>**ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 7,456,725; 7,482,907 and 7,683,758**<br><br>**DEMAND FOR JURY TRIAL** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff, O.S. Security LLC ("OSS" or "Plaintiff"), complains against Defendants, Alarm Lock Systems, Inc. and Napco Security Technologies, Inc. (collectively "Defendants"), as follows:

## THE PARTIES

1. Plaintiff, O.S. Security LLC, is a Texas limited liability company, having an address in Plano, Texas 75093.

2. On information and belief, Defendant Alarm Lock Systems, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 345 Bayview Avenue, Amityville, New York 11701. Defendant Napco Security Technologies, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 333 Bayview Avenue, Amityville, NY 11701. Defendant Alarm Lock Systems, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant Napco Security Technologies, Inc. may also be served with process by serving its registered agent, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. On information and belief, and Napco Security Technologies, Inc. website at www.napcosecurity.com/historyt.html, Defendant Alarm Lock Systems, Inc. is a wholly owned subsidiary of Defendant Napco Security Technologies, Inc.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendants because they have purposely availed themselves of the privileges and benefits of the laws of California. Additionally, this Court has personal jurisdiction over the Defendants because the Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to this action within this judicial district and have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. The Defendants have sold, advertised, solicited customers, marketed and/or distributed the infringing products in this judicial district and have designed, made, or had made, on their behalf, and placed the infringing products into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products were located within this judicial district. According to its website, www.alarmlock.com/fieldreps.html#CA, Defendants have sales representatives in Murrieta, California and Tiburon, California.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**JOINDER**

6.     Joinder is proper under 35 U.S.C. § 299. The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, offering for sale, and/or selling within the

United States, and/or importing into the United States, of the same accused devices employing electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks.

7. Common questions of fact relating to Defendants' infringement will arise in this action.

## INFRINGEMENT OF U.S. PATENT NO. 7,456,725

8. Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,456,725 ("the `725 patent"), entitled "Electronic Access Control Device Utilizing A Single Microcomputer Integrated Circuit," and owns all rights to sue, and collect damages, including past damages, for infringement of the `725 patent. A true and correct copy of the `725 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 25, 2008, is attached hereto as Exhibit A.

9. With knowledge of the `725 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively inducing infringement of the `725 patent. Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control

devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks, which Defendants know infringe one or more claims of the `725 patent.  Each of the Defendants is thus liable for infringement of the `725 patent pursuant to 35 U.S.C. § 271(b).

10.    Defendants have profited through the infringement of the `725 patent. As a result of Defendants' unlawful infringement of the `725 patent, Plaintiff has suffered and will continue to suffer damage.  Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

11.    To the extent that facts learned in discovery show that any one of the Defendants' infringements of the '725 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**INFRINGEMENT OF U.S. PATENT NO. 7,482,907**

12.    Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,482,907 ("the `907 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the `907 patent.  A true and correct copy of the `907 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 27, 2009, is attached hereto as Exhibit B.

13.     Defendants have been and are directly infringing the `907 patent in this judicial district, and elsewhere in the United States.  Defendants' direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks. Each of the Defendants is thus liable for infringement of the `907 patent pursuant to 35 U.S.C. § 271(a).

14.     Defendants, at a minimum, have knowledge of the '907 patent through the filing and service of this Complaint, and upon information and belief have continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks.

15.     With knowledge of the `907 patent at least as early as the service of this Complaint, Defendants have been and are, in this judicial district and elsewhere in the United States, actively inducing infringement of the `907 patent.  Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks,

which Defendants know infringe one or more claims of the `907 patent. Each of the Defendants is thus liable for infringement of the `907 patent pursuant to 35 U.S.C. § 271(b).

16. With knowledge of the `907 patent at least as early as the service of this Complaint, Defendants have been and are, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the `907 patent. Defendants' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least Alarm Lock's PDL3000 series electronic locks, which constitute a material part of the invention recited in one or more claims of the `907 patent, knowing the Alarm Lock's PDL3000 series electronic locks to be especially made or especially adapted for use in an infringement of the `907 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Each of the Defendants is thus liable for infringement of the `907 Patent pursuant to 35 U.S.C. § 271(c).

17. Defendants have profited through the infringement of the `907 patent. As a result of Defendants' unlawful infringement of the `907 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

18. To the extent that facts learned in discovery show that any one of the Defendants' infringements of the '907 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

### INFRINGEMENT OF U.S. PATENT NO. 7,683,758

19. Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,683,758 ("the `758 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the `758 patent. A true and correct copy of the `758 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 23, 2010, is attached hereto as Exhibit C.

20. Defendants have been and are directly infringing the `758 patent in this judicial district, and elsewhere in the United States. Defendants' direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks. Each of the Defendants is thus liable for infringement of the `758 patent pursuant to 35 U.S.C. § 271(a).

21. Defendants, at a minimum, have knowledge of the '758 patent through the filing and service of this Complaint, and upon information and belief have continued making, using, importing, offering for sale, and/or selling electronic access

control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks.

22. With knowledge of the `758 patent at least as early as the service of this Complaint, each of the Defendants has been and is, in this judicial district and elsewhere in the United States, actively inducing infringement of the `758 patent. Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, Alarm Lock's PDL3000 series electronic locks, which Defendants know infringe one or more claims of the `758 patent. Each of the Defendants is thus liable for infringement of the `758 patent pursuant to 35 U.S.C. § 271(b).

23. With knowledge of the `758 patent at least as early as the service of this Complaint, Defendants have been and are, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the `758 patent. Defendants' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least Alarm Lock's PDL3000 series electronic locks, which constitute a material part of the invention recited in one or more claims of the

'758 patent, knowing the Alarm Lock's PDL3000 series electronic locks to be especially made or especially adapted for use in an infringement of the '758 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Each of the Defendants is thus liable for infringement of the '758 Patent pursuant to 35 U.S.C. § 271(c).

24. Defendants have profited through the infringement of the '758 patent. As a result of Defendants' unlawful infringement of the '758 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

25. To the extent that facts learned in discovery show that any one of the Defendants' infringements of the '758 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and seeks the following relief:

(a) For judgment in favor of Plaintiff that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '725 patent, '907 patent and '758 patent;

(b) For judgment and an order requiring Defendants to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '725 patent, '907 patent and '758 patent, as provided under 35 U.S.C. § 284;

(c)  For judgment and an order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Plaintiff's reasonable attorneys' fees; and

(d)  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated:   March 3, 2014

Respectfully submitted,

LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.

/s/
H. H. ("Shashi") Kewalramani

Attorneys for Plaintiff
O.S. SECURITY LLC